I please the Court, Jeff Campbell, for the appellant and plaintiff below, Joseph R. Kiefer II. It's a pleasure to argue this case before you this morning, which we believe presents several important legal issues for decision by the Court. In addition to the significant jurisdictional issue that was recently raised by this Court under the Kokanen, O'Connor, and Hagestad decisions, this appeal raises four significant legal issues we think. Well, do we get there? I mean, if the district court lacked jurisdiction to enter the sanction, it may well be putting form over substance in this case. But don't we have to ship it back and have the district court dot the I's and cross the T's? Based on, Your Honors, the Ninth Circuit's decisions in O'Connor and Hagestad and the authority from the Supreme Court in Kokanen, as we've indicated in our letter brief, which apparently we didn't send you 15 copies of and I didn't realize that, I think you're correct. But I think that the ruling that the Court would need to make here is that the Court should vacate the sanction order that was entered and send it back with directions to the district court to dismiss the proceeding filed under this motion to show cause why Mr. Kieffer violated it. Why, that was the precise procedure that was contemplated in the settlement agreement. Yes, but under Kokanen and O'Connor, and particularly Hagestad, the fact that the parties may have intended a procedure to be applicable, even though there's indications of that in the record, there's several minutes indicating that the Court was going to retain jurisdiction. Well, I'm not talking about retaining jurisdiction. I thought you would switch gears to talking about the procedure that was invoked. I think the case has got to go back, but, I mean, you're saying you want it to go back with some kind of instruction to get rid of the OSC. I don't get that. Because the order of dismissal of the case did not incorporate the terms of the settlement agreement or expressly reserve jurisdiction over the settlement agreement, under this Court's rulings in O'Connor and Hagestad, when the case was dismissed, the federal court lost all jurisdiction to enforce the settlement, and that's under the constitutional provision of the limited powers of federal courts, which was recognized in Kokanen. There is a remedy available, potentially, to the Lithia defendants, which is a state court action, and this is referenced in those decisions, for breach of the settlement agreement. But the federal court does not have jurisdiction over that, based on our readings of this Court's decisions. That's essentially what you're ‑‑ I mean, I take it implicit in your suggestion is that Lithia is foreclosed from seeking relief under Rule 68. I can find no authority on any of these cases that have been decided under Kokanen and O'Connor, Hagestad, and so forth, even though there's clear indications in the record on several of those cases, including specifically Hagestad, which arises out of the District of Oregon, that it was the intent of the parties in the Court to retain jurisdiction where it's been upheld that a party such as Lithia can come in under 90A ‑‑ 60A and reform the order of dismissal. I think that the reason for that is that that holding in Kokanen was a constitutional issue on the limited jurisdictional powers of the Court, and you're conflicting a procedural procedure against a constitutional procedure. There's also a significant issue, it seems to me here, as to whether or not it would be 60A or 60B that would be invoked by the defendant's Lithia. Here it appears to me that if there was an error, it was an error of law by the Court to make sure that these terms of the settlement agreement and so forth were incorporated in final order. If it's a 60B motion, that's subject to a one-year limitation, which they are well outside of. Well, I mean, this is up to the District Court, but what's the error of law? I mean, she said just as plain as anything that she intended to keep jurisdiction. The error of law. So if anything, there was a screw-up on the part of the order. The error of law is that the Court failed to include that and see that it was included in the order. It was a mistake, that's for sure. I don't understand what's the legal mistake. I mean, it has legal consequence. I mean, it would be absurd if she had never indicated any intention to retain jurisdiction. Then maybe. But she said it like three times that, in fact, I think she used some colorful language, and I've forgotten exactly what it was. But, I mean, she made it really, really clear. Oh, she's going to be this R or something like that. I mean, she was going to be going to retain jurisdiction over the settlement. Agreed. I think the issue is whether or not it was a legal matter for her to see that that was included in the order, or if it was a clerical error that the clerk did not include it in the order. And what we're saying is we think that's a legal issue that was her obligation to see that it was included in the order based on Kokanen, O'Connor, and Hagestad. And that's the basis of your argument for us to instruct her to dismiss? I think that the basis of our argument is that the order that was entered didn't include the provisions of the settlement. And this Court in O'Connor and Hagestad indicated that the sanction order should be vacated with directions to dismiss the proceeding. Now, if they want to try to make the 60B motion or A motion in the district court, I think then we would address that. The point is, though, that she has no jurisdiction to do anything. At this point, then it was improper to enter a sanction order. Bottom line, no jurisdiction. That's correct. Undistorted, go to State court, duke it out there. Well, that's your position. Our position is that they cannot take it into Federal court at this point. They have to go to State court if they want to try to argue there was a violation. I'm sorry. Maybe we're just on different tracks. I thought I heard you say that you wanted us to, in effect, instruct the district court that this was the end of the rope. That's correct. I don't see any basis for us doing that. Why don't we why isn't the extent of our, well, power, as it were, is just to say the district court lacked jurisdiction to do what it did. I mean, period, without going any further. What happens thereafter is up to the parties, up to the district court, up to Providence, up to whatever. Not up to us. I'm relying on Your Honor's decision, the Ninth Circuit's decision in O'Connor and Hagestad where. Yes. Look, I don't think we, I don't think any of us is disagreeing with the proposition that the, well, you might. But the district court lacked jurisdiction to do what it did. So we vacate all that out, right? Right. And you want us to go further than that or not? Yes. At this point, I think the proceeding that they filed, this motion for show cause and so forth, needs to be dismissed. The Federal court lacks jurisdiction when the case was dismissed and there wasn't a retention in the order of over the terms of the settlement or there was not an indication. And we think that therefore under Kokanen, the only remedy available to Lithia is to go to state court. All right. That's what's indicated in that decision. I must not be communicating very clearly because let us, let's just assume that at least I completely agree with you that the district court lacked jurisdiction to do what it did, which was to sanction Keefer for violating the settlement because it did not retain jurisdiction in the dismissal order. Right. Okay? So we rule that. Okay? That vacates out what the district court did. Right. It's history. I don't understand that being so why we go any further than that. Because in O'Connor and Hagestad, this court went further than that and directed the dismissal of the proceeding below because the Federal court lacked jurisdiction once the case was dismissed. I don't disagree with that, but we can't say what the parties are going to do thereafter or what the district court might do thereafter. We have no authority. I guess I don't disagree with you except to the extent that I think that this court has to, based on its past president, direct the dismissal of this particular proceeding. Well, that would propose them later from filing a Rule 68 motion to have the district court decide whether it would be a 60A or a 60B, and whether they had grounds and so forth. But that would be a later date. Right. They could file a 60A motion or a 60B motion. They could try, yes. They could try to get the district court to correct the judgment. Yes. Or dismissal order, right? And if not, then they would have to go to State court. Does Your Honor want me to go on to the substantial constitutional issues raised in this case? I don't think so. I mean, obviously, we'll hear from Ms. Potter on the jurisdictional issue. I would. Let me comment on one point that they raised, because they raised it in the supplemental briefing and we haven't had a chance to respond to. They're arguing that a minute of proceedings constituted an order, if I read their That's not the case here. The minutes of civil proceedings is just an indication of what occurred at the hearing. We have the transcript of what occurred. It's clear that the intent of the parties was that the court would retain jurisdiction to enforce the settlement. That's the same, very same situation that existed in Hagestad. And it's what was indicated in O'Connor by this court, where the court said, even if this occurred, this case fails, there's no jurisdiction because it's not in the order, which interpreted Kokanen as requiring. So that argument doesn't make it. If the court looks at the docket, and I think that's in the excerpts of the record, you'll see there are situations where the court enters civil minute orders or civil orders in the minutes in the docket. The entry here is clearly designated just civil minutes, and it was reflecting what had occurred when the settlement was placed on the record. We have the transcript of the record. We know exactly what it is. There's no question in this case, as in Hagestad, that the parties intended the court to have jurisdiction. The problem here is that it wasn't done in the order. So I wanted to make sure that I clarified that point. Thank you. Ms. Potter. Thank you. Thank you. May it please the court. My name is Nancy Potter. I represent the Lithia defendants. Sorry, I have a cold. I'll do my best this morning. I do not agree that this is a case like Kolkin and O'Connor or Hagestad. All of those cases differ because in each of those cases, the only thing the court was able to point to or the parties looked at was colloquy, what was on the record. There was no minute order or minutes that were reflective of the court's ruling. As this court has said in Raines v. Flynn, a minute order actually memorializes the lower court's decision. We have here a classic situation for a Rule 60A correction because the district court not only said in her comments that she would retain jurisdiction, but the minute order clearly reflected that, and it was from the minute order that the clerk then drafted the final order. And while it's true that the final order does not include the express statement retaining jurisdiction, there are two ways to resolve that problem. One is to simply take the minute order and the final order together as a document, singular together. But the other, and maybe more appropriate, is under Rule 60A to make the correction that's required. And this court has the power to do that under Rule 60A. Lithia asked for that relief in the supplemental brief that the court directed us to file. I'm here today to ask the court to do that so that we can go forward, proceed with this matter, and have it resolved. If the court is not willing to do it in that form, then it should be sent back to the district court for the correction to be made. But I would strongly urge the court in this case not to exalt form over substance, but to simply correct the clerical error that was made in the formal order by now amending pursuant to Rule 60A so that it is clear that the district court had jurisdiction at all times throughout the proceeding so that we can then proceed with this appeal. I'm happy to answer any questions. I don't think we got any other questions. Thank you. Anything further, Mr. Campbell? Just one thing. I thought the record in the docket reflected an actual minute order. If the court wants to refer to ER 189, the entry on 529-2003, document 133, especially says minute order. That's an example. Thank you. Thank you for the clarification. Thank you for the argument, counsel. The matter just argued will be submitted. And we'll next hear argument in Middlemark. There's only one. Sorry? There's only one side of Middlemark. Mary, we've got somebody on the other side. It's here. It's here. Thank you.
judges: Rymer, Nelson, Paez